IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRINA A. CORSON, individually and as Administratrix of the Estate of KRISTEN E. CORSON,<br><br>Plaintiff,<br><br>vs.<br><br>CLEARFIELD COUNTY, OFFICER JANELLE MESCALL, OFFICER TIM RYEN, WARDEN GREGORY COLLINS, OFFICER NOVA DALE, OFFICER LEO CLEVELAND, OFFICER HEIDI MARKS-IBBERSON, OFFICER TYLER KNEPP, OFFICER AUSTIN BARRETT, OFFICER NANNETTE RENCHEN, JOHN AND JANE DOES 1-20<br><br>Defendants. | Case No: 3:21-cv-161<br>Judge Stephanie L. Haines |

## OPINION

Plaintiff, Trina A. Corson, individually and as Administratrix of the Estate of Kristen E. Corson ("Plaintiff"), commenced this lawsuit on September 10, 2021 by filing a Complaint (ECF No. 1) against Defendants Clearfield County, Probation Officer Tim Ryen, Warden Gregory Collins, Correction Officer Nova Dale, and John and Jane Does 1-20 alleging violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 and wrongful death and survival claims under Pennsylvania law. Plaintiff's claims relate to the death of her daughter, Kristin E. Corson ("Corson"), after Corson was found unresponsive in her cell at the Clearfield County Jail. On February 23, 2022, Plaintiff filed an Amended Complaint (ECF No. 22) adding Probation Officer Janelle Mescall and several additional Clearfield County Jail correction officers as Defendants.

1

Pending before the Court is a Motion to Dismiss the Amended Complaint (ECF No. 26) and Brief in Support of Motion to Dismiss (ECF No. 27) filed by Probation Officers Tim Ryen and Janelle Mescall (the "PO Defendants"). In their Motion to Dismiss, the PO Defendants contend they are protected by Eleventh Amendment sovereign immunity, and further, that the deliberate indifference claims against them fail for lack of causation. On May 11, 2022, Plaintiff filed a Response to the Motion to Dismiss of Defendant Probation Officers Janelle Mescall and Tim Ryen (ECF No. 30) and Brief in Support of that Response (ECF No. 31). In Plaintiff's Response, she clarifies she is only suing the PO Defendants in their individual capacities and that the Amended Complaint states a Section 1983 state-created danger claim against the PO Defendants, not a deliberate indifference claim. Plaintiff also argues the PO Defendants are not entitled to Eleventh Amendment immunity on the individual capacity claims against them. The PO Defendants did not file a reply, and the matter is now ripe for disposition.

For the reasons set forth below, the Court will DENY the Motion to Dismiss the Amended Complaint (ECF No. 26) filed by the PO Defendants.

**I.   Factual Background**

The following facts are accepted as true for the purpose of the pending Motion to Dismiss (ECF No. 26):

At all times relevant to this action, Defendants Tim Ryen and Janelle Mescall were probation officers employed by the Clearfield County Probation Department. *See* ECF No. 22 at ¶¶10-11. Corson was a probationer who was being supervised by Defendant Ryen. *Id.* at ¶22. On October 9, 2019, at or around 12:00 a.m., Corson left Defendant Ryen a voicemail explaining that she was vomiting and believed that she had the flu. *Id.* On the same day, at or around 9:00 a.m., Defendant Ryen returned Corson's call, and she again stated she was severely ill and believed she had the flu.

*Id.* at ¶23. On October 10, 2019, at or around 10:50 a.m., the PO Defendants conducted a field visit at Corson's residence. *Id.* at ¶24. Corson was asleep while her father watched her two infant sons at Plaintiff's request as a result of her illness. *Id.* at ¶25. At the request of the PO Defendants, Corson's father woke her to inform her that the PO Defendants were present at her residence. *Id.* at ¶26. Upon exiting her room, the PO Defendants observed Corson was "very disoriented and lethargic and had slurred speech." *Id.* at ¶27. Corson also exhibited labored breathing and other visible signs of a serious medical need. *Id.* at ¶28. Corson informed the PO Defendants that she was having difficulty breathing and did not feel well. *Id.* at ¶29.

During the visit, Corson denied illegal drug use, and there was no evidence of the presence of illegal drugs or paraphernalia in her home. *Id.* at ¶30. However, the PO Defendants demanded that Corson produce a urine sample for a drug screening. *Id.* at ¶31. She stated she was physically unable to do so because of her serious medical need. *Id.* The PO Defendants only allowed Corson 30 minutes to produce a urine sample. *Id.* at ¶32. They then accused Corson of willfully refusing her drug screening, placed her in their custody, and transported her to the Clearfield County Jail ("CCJ"). *Id.* at ¶33.

During Corson's transportation to CCJ, Defendant Mescall contacted her supervisor, Director Shawn Burkhart, to inform him of the events and Corson's condition. *Id.* at ¶34. Director Burkhart told the PO Defendants to transport Corson to the CCJ, but to take her to the hospital if the CCJ would not accept her. *Id.* at ¶35. The PO Defendants arrived at the CCJ at or around 12:30 p.m. with Corson, and Corson communicated to the PO Defendants that she felt sick and was going to vomit. *Id.* at ¶¶36-37. Upon entering the CCJ's garage, Corson was removed from the PO Defendants' vehicle and placed in handcuffs and shackles by the CCJ staff. *Id.* at ¶38. Plaintiff alleges that the PO Defendants, although aware of Corson's serious medical condition,

3

did not inform the CCJ's staff of the same, but instead stated only that Corson refused to produce a urine sample and that she was under the influence of narcotics. *Id.* at ¶40. The next day, at or around 2:45 a.m., Corson was found dead in her jail cell in a puddle of her own urine. Id. at ¶¶53-55. EMS arrived to the CCJ at or around 3:07 a.m. and transported Corson to Clearfield County Hospital where she was pronounced dead upon her arrival at 3:29 a.m. by Ernest Jones, MD, who noted that Corson was cold, pale, and that her upper body was in rigor mortis, indicating she died at least 2 hours before her arrival. *Id.* at ¶¶58-59. At or around 3:30 a.m., Warden Collins called Plaintiff to inform her of Corson's death, stating further that Corson had not even been processed at intake by the jail personnel, and that "she should not have been taken to the jail in the first place." *Id.* at ¶61. Following an autopsy, the Clearfield County Coroner determined that Corson's cause of death was pneumonia, and her toxicology was negative for illegal narcotics. *Id.* at ¶¶62-63.

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 664. To avoid dismissal, plaintiffs "must allege facts to 'nudge [their] claims across the line from conceivable to plausible.'" *Mann v. Brenner,* 375 F. App'x 232, 235 (3d Cir. 2010) (quoting *Twombly,* 550 U.S. at 570).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. In this regard, legal conclusions must be supported by factual allegations. *Id.*; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth"). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

This Court may not dismiss a Complaint or claim merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a complaint or claim that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009). In short, a motion to dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

### III. Analysis

The PO Defendants first argue that they are entitled to Eleventh Amendment immunity as to the official capacity claims against them. The Eleventh Amendment immunizes a state from suit in federal court by private parties. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). This immunity protects a state entity even when the state is not named a party to the action, so long as the state is deemed to be the real party in interest. *Regents of the Univ. of Cal. v. Doe*,

519 U.S. 425, 429 (1997). This immunity extends to "an individual judicial district and its probation and parole department," as it is "an arm of the State." *Haybarger v. Lawrence Cnty. Adult Probation and Parole*, 551 F.3d 193, 197-98 (3d Cir. 2008); *Spuck v. Pa. Bd. of Probation & Parole*, 563 F. App'x 156, 158 (3d Cir. 2014).

Any official capacity claims against the PO Defendants would thus be claims against the Clearfield County Probation Department, a state entity that is entitled to immunity under the Eleventh Amendment. However, Plaintiff clarified that she is only suing the PO Defendants in their individual capacities (ECF No. 31 at p. 5). As to Plaintiff's individual capacity claims against the PO Defendants, the PO Defendants argue these claims are likewise barred by the Eleventh Amendment as their actions were taken within the scope of their employment as probation officers.

The Third Circuit and the Supreme Court have rejected this argument. The Eleventh Amendment does not "bar suits against officials in their individual capacities, even if the actions that are the subject of the suit were part of the officials' governmental duties." *Munchinski v. Solomon*, 618 F. App'x 150, 156 (3d Cir. 2015) (citing *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991)). Rather, with respect to a suit under § 1983, the Third Circuit has held that "probation and parole officers are entitled to absolute immunity when they are engaged in adjudicatory duties. In their executive and administrative capacity, probation and parole officers are entitled only to a qualified, good faith immunity." *Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir. 1989); *see also Harper v. Jeffries*, 808 F.2d 281, 284 (3d Cir. 1986).

The PO Defendants incorrectly rely on the case *Gelbutis v. Shenandoah Police Dep't*, 2018 WL 4214413 (M.D. Pa. Aug. 6, 2018) to argue that Eleventh Amendment sovereign immunity applies to the individual capacity claims against them. In *Gelbutis*, parole officers Cola and Shannon of the Schuylkill County Department of Probation and Parole came to Gelbutis' home

6

and asked him to take a drug test. *Id.* at *1. He provided the sample, which was allegedly positive for amphetamine. *Id.* Gelbutis denied taking drugs, and the field visit ended in a dispute where Gelbutis claimed the officers used excessive force against him. *Id.* He was then taken to the county jail where he allegedly failed to receive appropriate medical treatment. *Id.*

Gelbutis later filed a Section 1983 action, which included claims against the parole officers in their official and individual capacities. The district court found the parole officers were entitled to Eleventh Amendment immunity on the official capacity claims against them. *Id.* at *8. As to the individual capacity claims, the *Gelbutis* court determined the parole officers were acting in an investigative capacity by requesting Gelbutis take a drug test and that the availability of qualified immunity was the appropriate analysis. *Id.* at *11. While the parole officers were dismissed from *Gelbutis*, their dismissal was based on the court finding plaintiff failed to state an Eighth Amendment claim against them, rather than a finding of qualified immunity.

Qualified immunity shields government actors from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Zaloga v. Borough of Moosic*, 841 F.3d 170, 174 (3d Cir. 2016) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether qualified immunity shields a government official's action from § 1983 liability, courts apply a two-step test and inquire (1) whether the facts alleged by the plaintiff establish a violation of a constitutional right and (2) whether the constitutional right at issue was clearly established at the time of the alleged violation such that a reasonable official would understand that what he is doing violates that right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

In this case, the PO Defendants limited their argument on the individual capacity claims against them to the issue of immunity under the Eleventh Amendment. They have not raised to

the Court that they are entitled to qualified immunity on Plaintiff's individual capacity claims, let alone addressed whether their conduct violated Corson's constitutional rights or whether those rights were clearly established. The Court will not *sua sponte* anticipate a qualified immunity argument and conduct an analysis on that issue without notice and opportunity for Plaintiff's response at this preliminary stage of the proceedings.

The PO Defendants next assert Plaintiff's Section 1983 deliberate indifference claims against them fail for lack of causation. However, Plaintiff clarified that her Section 1983 claims against the PO Defendants are based on a state-created danger theory, not deliberate indifference (ECF No. 31 at p. 7). The PO Defendants did not address whether Plaintiff adequately pleaded state-created danger claims against them.

To plead a state-created danger claim, a plaintiff must plead:

> "[F]irst, foreseeable and fairly direct harm; second, action marked by 'a degree of culpability that shocks the conscience'; third, a relationship with the state making the plaintiff a foreseeable victim, rather than a member of the public in general; and fourth, an affirmative use of state authority in a way that created a danger, or made others more vulnerable than had the state not acted at all."

*Johnson v. City of Phila.*, 975 F.3d 394, 400 (3d Cir. 2020) (quoting *Sauers v. Borough of Nesquehoning*, 905 F.3d 711, 717 (3d Cir. 2018).

Plaintiff asserts she has adequately pleaded her state-created danger theory against the PO Defendants, and the PO Defendants have not raised any challenge to this claim. Where defendants themselves fail to put forth arguments that would compel dismissal of a claim or defendant, the court's neutrality is generally best preserved by avoiding *sua sponte* dismissal. *See Brown v. Lackawanna Cty.*, No. 3:16-CV-2528, 2019 U.S. Dist. LEXIS 40667, at *25 (M.D. Pa. Mar. 13, 2019). As the PO Defendants do not move for the dismissal of Plaintiff's state-created danger claims against them, the Court will not analyze the sufficiency of Plaintiff's allegations as to these claims.

## IV. Conclusion

For the reasons stated herein, the PO Defendants' Motion to Dismiss the Amended Complaint (ECF No. 26) is DENIED. The PO Defendants are directed to file their answer and affirmative defenses on or before January 20, 2022. An appropriate Order to follow.

Date:

                                                             */s/ Stephanie L. Haines*
                                                           Stephanie L. Haines
                                                           United States District Judge